**STATE OF TENNESSEE**
**Department of Commerce and Insurance**
**500 James Robertson Parkway**
**Nashville, TN 37243-1131**
**PH - 615.532.5260, FX - 615.532.2788**
**brenda.meade@tn.gov**

REC'D BY JEFF SHAY

SEP 08 2011

ROUTE TO:
COPIES TO:

September 6, 2011

State Farm Fire & Casualty Company
2500 Memorial Boulevard % Jeff Shay
Murfreesboro, TN 37131-0001
NAIC # 25143

Certified Mail
Return Receipt Requested
7011 0470 0000 5066 6171
Cashier # 5003

Re:   John & Candice Osteen  V.  State Farm Fire & Casualty Company

      Docket # 11J0239

To Whom It May Concern:

Pursuant to Tennessee Code Annotated § 56-2-504 or § 56-2-506, the Department of Commerce and Insurance was served August 29, 2011, on your behalf in connection with the above-styled proceeding. Documentation relating to the subject is herein enclosed.

Brenda C. Meade
Designated Agent
Service of Process

Enclosures

cc: Circuit Court Clerk
    Putnam County
    421 East Spring Street, Rm 1C, Ste 49A
    Cookeville, Tn 38501

# SUMMONS

**STATE OF TENNESSEE** _Circuit_ **COURT OF PUTNAM COUNTY**

_John & Candice Osteen_
_____
Plaintiff.

**CIVIL ACTION**

vs.

_State Farm vp Management Corp._
_____
Defendant.

NO. _11J0239_

_d/b/a State Farm Fire._
_____
Defendant,

**SUMMONS**

_and Casualty Company_
_____
Defendant.

To the above named Defendant(s):

You are hereby summoned and required to serve upon _Jason F. Hicks_

plaintiff's attorney, whose address is _305 E. Spring St. Cookeville TN 38501_

an answer to the complaint which is herewith served upon you within thirty (30) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

Witness, Marcia Borys , Clerk of said court, issued _18th_ in _August_

A.D., 20 _11_ .

_Marcia Borys_ Clerk

By _Mary J. Dye_
Deputy Clerk

(This summons is issued pursuant to Rule 4 of the Tennessee Rules of Civil Procedure.)

## RETURN ON SERVICE OF SUMMONS

I hereby certify and return, that on the _____ day of _____, 20____

I served this summons together with the complaint herein as follows: _____

_____

_____

_____
Sheriff

By _____
Deputy Sheriff

## NOTICE

**TO THE DEFENDANT(S)**

Tennessee law provides a four thousand dollar ($4,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may with to seek the counsel of a lawyer.

## IN THE CIRCUIT COURT FOR PUTNAM COUNTY, TENNESSEE

JOHN AND CANDICE OSTEEN,          )
      Plaintiffs,                )
                     )
v.                                )      CASE NO. _____
                     )
STATE FARM VP MANAGEMENT CORP.,   )      JURY DEMANDED
d/b/a STATE FARM FIRE AND         )
CASUALTY COMPANY                  )
                     )
      Defendant.                 )

### COMPLAINT

1.     The plaintiff John Osteen is a citizen and resident of Putnam County, Tennessee.

2.     The plaintiff Candice Osteen is a citizen and resident of Putnam County, Tennessee.

3.     The defendant State Farm VP Management Corporation, d/b/a State Farm Fire and Casualty Company (hereinafter "State Farm"), is a Delaware corporation operating for profit with its principal place of business located at 3 State Farm Plaza N-2, Bloomington, Illinois 61710-0001.

4.     Plaintiffs, John and Candice Osteen (hereinafter "plaintiffs"), owned the property located at 925 Morningside Drive, Cookeville, Tennessee 38501, as tenants by the entirety, at all times herein relevant and continue to do so. This property is improved with a single family home.

5.     At all times herein relevant, the employees of the Carey Bass State Farm Insurance Agency acted as State Farm's apparent and actual agents and State Farm is, therefore, liable for and bound by those acts under the doctrine of *respondeat superior*.

-1-

6.  At all times herein relevant, Carey Bass acted as State Farm's apparent and actual agent and State Farm is, therefore, liable and bound by those acts under the doctrine of *respondeat superior.*

## FACTUAL BACKGROUND

7.  John and Candice Osteen have been a loyal customer of State Farm for a number of years. During that time, they purchased insurance coverage from State Farm through the Carey Bass State Farm Insurance Agency.

8.  John and Candice Osteen relied upon State Farm, through its agents, to meet all of their insurance needs and to provide property coverage for their home and property.

9.  John and Candice Osteen relied on State Farm, through its agents, to advise them with respect to insurance, and State Farm, through its agents, advised John and Candice Osteen regarding insurance for a number of years.

10.  Over the years there have been multiple instances where water has flooded the Osteen's backyard and every time John Osteen went to pay his premiums at the State Farm office he would speak to the agents about the availability of flood insurance.

11.  Carey Bass was aware of the flooding at the Osteen residence as he had been there when called by the Osteens on numerous occasions when the flooding was occurring. He had stated that since the Osteens were not in a flood plain or zone they could not get flood insurance.

-2-

12. State Farm, through its agents or apparent agents employed at the Carey Bass State Farm Insurance Agency, advised John and Candice Osteen that the plaintiffs' home was not eligible for flood insurance coverage because they were not located in a flood zone and/or located on a flood plain.

13. John and Candice Osteen reasonably relied upon the information given to them by State Farm through its agents or apparent agents and reasonably believed the statement that flood insurance was not available for plaintiffs' home and property.

14. In fact, flood insurance was available at the time John and Candice Osteen made their request for flood insurance to State Farm.

15. The National Flood Insurance Programs (hereinafter "NFIP") provided government subsidies for flood insurance sold through participating insurers.

16. At all times relevant, State Farm acted as a "participating insurer" and provided flood insurance through the NFIP under an agreement with Federal Emergency Management Agency (hereinafter "FEMA"), which authorized it to operate as a "Write-Your-Own" (hereinafter "WYO") insurance company.

17. As a WYO company, State Farm was required to "encourage present property insurance policyholders to purchase flood insurance through the NFIP WYO program." 44 *C.F.R.* § 62.23 (h)(1).

18. Cookeville, Tennessee, is and was, at all times relevant, a participating community under the NFIP and flood insurance was available for

-3-

property in Cookeville regardless of whether the property was located in a designated flood plain.

19.  Accordingly, plaintiffs' home and property was eligible for flood insurance coverage through the NFIP at the time John and Candice Osteen inquired about such insurance.

20.  State Farm did not appropriately advise its Cookeville agents regarding the NFIP and/or State Farm's participation in the program.

21.  State Farm negligently failed to instruct and train its agents regarding the NFIP and coverage eligibility.

22.  Defendant State Farm was negligent by failing to instruct, train, and/or inform employees at Carey Bass State Farm Insurance Agency regarding the NFIP and/or the availability of flood insurance to persons in the Cookeville community.  These defendants were also negligent by providing inaccurate information regarding the NFIP.

23.  State Farm's sales offices in Cookeville did not appropriately instruct, train, and/or inform the office staff regarding the NFIP and/or the availability of flood insurance.

24.  On August 18, 2010, the plaintiffs' home and contents were damaged by flood.

25.  In September 2010, John Osteen learned that the home and contents were actually eligible for flood insurance and that the information previously given to him by State Farm was erroneous.

-4-

26. In September 2010, John Osteen contacted State Farm and informed them that he would have purchased flood insurance in the past but for State Farm's misrepresentation regarding its availability.

27. John and Candice Osteen would have purchased the maximum amount of flood insurance available but for State Farm's negligence in advising them that such insurance was not available.

28. Defendant State Farm had the primary responsibility for insuring that the Cookeville sales office's agents and staff were properly trained and educated regarding NFIP eligibility and was negligent in that regard.

### NEGLIGENCE PER SE

29. Pursuant to 44 *C.F.R.* § 62.23 (h)(1), State Farm had a duty prescribed by law and derived from its participation in the NFIP "to encourage its present property insurance policyholders to purchase flood insurance through the NFIP WYO program."

30. State Farm did not encourage plaintiffs to purchase flood insurance. In fact, it actively discouraged the plaintiffs from purchasing by falsely stating plaintiffs' home and contents were not eligible for flood insurance thereby breaching its legal duty prescribed by federal law.

31. Plaintiffs are members of the class the NFIP was designed to protect. Congress found and stated in its declaration of purpose that "a program of flood insurance can promote the public interest by providing appropriate protection against the perils of flood losses." 42 *U.S.C.* § 4001(c).

32.    Plaintiffs' losses in the form of property damage were directly and proximately caused by defendants' breach of their legal duties as prescribed by federal law.

## NEGLIGENT MISREPRESENTATION

33.    State Farm, through its agents, owed plaintiffs a duty of reasonable care in providing accurate information regarding insurance.

34.    State Farm, through its agents, breached the duty of reasonable care by telling John and Candice Osteen that flood insurance was unavailable for plaintiffs' home and contents.

35.    Defendants' agents were negligent in failing to provide accurate information regarding program eligibility.

36.    John and Candice Osteen reasonably relied upon information provided to him by State Farm's agents.

37.    Plaintiffs incurred damages as a direct and proximate result of defendants' negligence.

## NEGLIGENT TRAINING

38.    State Farm had a duty to properly train, inform, and oversee its sales office and its staff regarding the availability of flood insurance through the NFIP.

39.    State Farm had a duty to provide accurate and sufficient NFIP information to its sales offices and to instruct the sales personnel to consult and review the information before answering questions regarding NFIP eligibility.

-6-

40.     Defendants were negligent by failing to instruct, train, and/or inform employees at the Carolyn Morrison State Farm Insurance Agency regarding the NFIP and/or the availability of flood insurance to persons in the Cookeville community.

41.     State Farm did not properly train its staff regarding the NFIP.

42.     State Farm did not properly train its staff to contact management and/or underwriting before giving consumers information regarding eligibility for insurance coverage.

43.     State Farm's negligent training of its sales agents and office staff was the proximate cause and the cause in fact of plaintiffs not procuring flood insurance for their apartments.

## VIOLATION OF THE CONSUMER PROTECTION ACT

44.     The defendants violated the Tennessee Consumer Protection Act (hereinafter "TCPA") by knowing that they at all times relevant had failed to adequately train its staff regarding the availability of flood insurance.

45.     State Farm's and its agents actions having provided inaccurate information to John and Candice Oseteen regarding the eligibility for flood insurance were unfair and deceptive in violation of the TCPA. These actions were willful.

WHEREFORE, the plaintiffs sue the defendants for $100,000 compensatory damages and the recovery of all costs. Additionally, plaintiffs sue the defendants for treble damages and/or punitive damages in the amount of $300,000, together with attorney's fees pursuant to the Tennessee Consumer

-7-

Protection Act.  Plaintiffs also ask for prejudgment interest and the recovery of all costs.

JOHN AND CANDICE OSTEEN

By: _____

Jason F. Hicks (No. 28711)
LAW OFFICE OF JASON F. HICKS
Attorney for the Plaintiff
305 East Spring Street
Cookeville, Tennessee  38501
(931) 520-0005 – phone
(931) 528-6368 – fax

## COST BOND

     We, the undersigned, pursuant to *T.C.A.* § 20-12-125, acknowledge ourselves as sureties for amounts required by law or included in the clerk's bill of costs in this cause.

JOHN AND CANDICE OSTEEN

By: _____

LAW OFFICE OF JASON F. HICKS

By: _____